### W. S. & J. L. LENOIR v. ROSENTHALL ET ALS.

(No. 2664½, R. Book No. 4, p. 164.)

APPEAL from Falls County. Opinion by HURT, J.

§ **209.** *Liability of principal for goods purchased by agent.* An agent having the charge and management of a large plantation for his principal, who was a non-resident of the state, might, within the scope of his agency, purchase all the goods necessary to be used on the plantation, and the principal would be bound; but no goods bought for the use and benefit of the agent himself could legally be charged by the seller to the principal, unless expressly authorized by the principal, or unless, in course of the dealings of the parties, the principal, with knowledge that goods had previously been thus bought and charged, paid for the same, and by so doing induced the seller to believe that the agent had general authority to purchase for his individual benefit on the credit of the principal.

§ **210.** *Estoppel.* Where a seller seeks to estop a principal from denying his liability upon the ground that the principal had on divers occasions paid for goods which were for the use and benefit of the agent, such fact must be established by the proof; the bare fact that appellant paid for similar goods will not suffice. The proof must

show that the goods paid for were for the separate use of the agent, and that the principal paid for them with full knowledge of that fact.   [Commercial Bank v. Jones, 18 Tex. 811; Vincent v. Rather, 31 Tex. 77.]

§ 211. *Agency; estoppel.*   That the agent requested that the goods be charged to him as agent will not bind the principal.   The right to purchase must be embraced within the scope of his authority as agent, or an express authority must be shown, or such ratification of the acts of the agent proven as will estop the principal.

November 22, 1882.        Reversed and remanded.